UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION TO DISMISS

In these consolidated putative class actions, Plaintiffs Tatiana Von Slomski and Sylvia Trevino sue Defendant The Hain Celestial Group, Inc., alleging that Defendant falsely markets its teas as "100% Natural." (Consolidated Class Action Complaint ("Complaint"), Dkt. No. 26.) Defendant has filed a Motion to Dismiss Consolidated Class Action Complaint ("Motion"). (Motion, Dkt. No. 27.)

After considering the parties' arguments, the Court DENIES the Motion.

**BACKGROUND**

The following facts are taken primarily from the Plaintiffs' Complaint, whose allegations the Court accepts as true for the purposes of a motion to dismiss. *See Skilstaf, Inc., v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Defendant distributes teas under the brand Celestial Seasonings. (Compl. ¶ 1.) Ten of these teas—Sleepytime Herbal Tea, Sleepytime Kids Goodnight Grape, Green Tea Peach

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

Blossom, Green Tea Raspberry Gardens, Authentic Green Tea, Antioxidant Max Dragon Fruit, Green Tea Honey Lemon Ginseng, Antioxidant Max Blackberry Pomegranate, Antioxidant Max Blood Orange, and English Breakfast Black KCup—are at issue in this lawsuit. (*Id.*)

Defendant advertises the teas as "100% Natural," including by placing a "100% Natural Teas" logo on the outer packaging of its teas. (*Id.* ¶¶ 19–21.) But, allegedly, each of the teas "has been found to contain significant levels of one or more" chemical insecticides, fungicides, and herbicides, which the Complaint refers to as "contaminants." (*Id.* ¶¶ 11–12.) According to the Complaint, these pesticides are "man-made chemical[s]" that are "not naturally occurring." (*Id.* ¶ 11.)

Plaintiffs are consumers of Defendant's teas. (*Id.* ¶¶ 7–8.) Plaintiffs were "willing to pay for the Products because of the representations that they were '100% Natural' and would not have purchased the Products, would not have paid for the Products, or would have purchased alternative products in the absence of the representations, or with the knowledge that the Products contained Contaminants." (*Id.*)

In their Complaint, Plaintiffs allege four claims: 1) California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; 2) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; 3) Breach of Express Warranty; 4) Violation of the Consumer Legal Remedies Act ("CLRA"), Cal Civ. Code § 1750.

**PRELIMINARY MATTERS**

To support their arguments, both parties request that the Court take judicial notice of various documents. The Court grants these requests, which are unopposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

## LEGAL STANDARD

A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). "[D]etailed factual allegations" aren't required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citations omitted). To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## ANALYSIS

Defendant moves to dismiss for failure to state a claim, for lack of standing, and under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

primary jurisdiction doctrine. The Court considers each set of arguments in turn.

## 1. FAILURE TO STATE A CLAIM

### 1.1 Whether Teas Contain Pesticides

Plaintiffs' key factual allegation is that the teas contain unnatural pesticides. Defendant argues that Plaintiffs have not sufficiently alleged this fact. The Court disagrees.

Plaintiffs allege that each of the teas contains "significant levels" of man-made, chemical pesticides, and Plaintiffs provide a list with specific descriptions of over twenty of the pesticides present in the teas. (Compl. ¶ 11.) Plaintiffs allege that Eurofins, "a highly regarded, accredited, and independent testing lab," published test results finding these pesticides in the teas. (*Id.*) These allegations, which the Court must accept as true in deciding a motion to dismiss, are sufficiently detailed "to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216.

Defendant's arguments to the contrary are not convincing. Defendant essentially asks the Court to disbelieve Plaintiffs' allegation that the teas contain pesticide residues, arguing that deficiencies in the evidence underlying that allegation make the allegation implausible. For example, Defendant argues that "the complaint is virtually devoid of any details about the purported testing of the teas," failing to answer such questions as "How many boxes of tea were tested for each variety?" and "How were the boxes handled prior to testing?" (Motion at 7–8.) But at the pleading stage, Plaintiffs are only required to allege facts suggesting an entitlement to relief, not allege in detail all evidence supporting those facts. The strength of this evidence is an issue for the factfinder. Viewing the allegations in the light most favorable to Plaintiffs, the Court concludes that it is plausible that the teas contain pesticides.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

Defendant also repeatedly asserts that the study was published by "an admittedly biased short-seller that admits that it issued the report in hopes of driving down Hain Celestial's stock price." (*See, e.g.*, Motion at 7.) For reasons the Court has just articulated, bias might weaken the evidentiary value of the study, but it does not sufficiently support dismissal at the pleading stage.

Next, Defendant argues that the Complaint alleges only that pesticide residues were found on dry tea leaves, not in the brewed tea that consumers actually drink. But taking the Complaint's allegation that dry leaves contain residues as true, it is reasonable to infer that the brewed tea contains traces of pesticides as well. On a motion to dismiss, the Court is required to make these kinds of inferences in Plaintiff's favor. *See Skilstaf*, 669 F.3d at 1014. The Court can consider any evidence of Defendant's to the contrary on summary judgment or at trial.

Finally, Defendant argues that the allegations fail to meet Rule 9(b)'s particularity requirement, asserting that Plaintiffs "did not conduct any independent factual investigation." (Motion at 10.) But Rule 9(b)'s particularity requirement is not a test of the independence of a plaintiff's factual investigation. Rather, Rule 9(b) requires allegations of the "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Defendant has not explained how the allegations of the Complaint fail to meet that test.

The Court concludes that, for the purposes of a motion to dismiss, the Complaint sufficiently alleges that the teas contain pesticides.

### 1.2     Whether the Public Would Be Deceived by "100% Natural"

Defendant argues that the UCL, FAL, and CLRA claims should be dismissed because Plaintiffs haven't plausibly alleged that a reasonable consumer would likely be deceived by the "100% Natural" label. The "reasonable consumer test" applies to claims brought under UCL, FAL, or CLRA. *Hill v. Roll Int'l Corp.*, 128 Cal. Rptr. 3d 109, 116 (Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

App. 2011). The question under the reasonable consumer test is whether an advertisement is "likely to deceive" a reasonable consumer. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). This determination "will usually be a question of fact not appropriate for decision on demurrer." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (noting that it is "the rare situation" when dismissing these claims on the pleadings is appropriate).

This case is not one of the rare ones where the Court can find, based on the pleadings, that the labeling is unlikely to deceive a reasonable consumer. Plaintiffs allege that the teas are labeled as "100% Natural." (Compl. ¶ 25.) They allege that the teas are not "100% Natural" because the teas contain pesticides consisting of "man-made chemicals" that are "not natural." (*Id.* ¶¶ 11, 26–28.) And Plaintiffs allege that they purchased the teas because of the "100% Natural" label, but would not have purchased them if they knew they contained unnatural pesticides. (*Id.* ¶¶ 7–8.) Taking these allegations as true, and drawing all reasonable inferences in favor of Plaintiffs, the Complaint adequately alleges that the product label is likely to deceive a reasonable consumer. *Cf. Parker v. J.M. Smucker Co.*, 2013 WL 4516156, at *6 (N.D. Cal. Aug. 23, 2013) (concluding that whether an "All Natural" label would mislead reasonable consumers could not be resolved on a motion to dismiss).

In arguing otherwise, Defendant contends that Plaintiffs have not offered a definition of "natural." But it is clear that, under the allegations of the Complaint, a food product is not "100% Natural" in the minds of consumers if the product contains unnatural chemicals. The Court doesn't see why Plaintiffs need to allege a more specific definition.

Defendant also argues that it is implausible that a reasonable consumer would be misled. Defendant argues that unless a product is labeled "organic," reasonable consumers would understand that the product may contain traces of pesticides. It may be that the evidence will support that theory. But, based on the allegations, it strikes the Court as plausible that the evidence will favor Plaintiffs. *See Starr*, 652 F.3d at 1216–17 ("Rule 8(a) simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

support the allegations." (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).). Defendant has not shown that it is implausible that reasonable consumers would perceive "100% Natural" products as pesticide-free.

### 1.3 Puffery

Defendant argues that all of Plaintiffs' claims fail because the "100% Natural" label is puffery. "Generalized, vague and unspecific assertions" are "mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). While "misdescriptions of specific or absolute characteristics of a product are actionable," "[a]dvertising which merely states in general terms that one product is superior is not actionable." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990).

Based on the allegations in the Complaint, the Court cannot conclude that "100% Natural" is puffery. Defendant argues that the phrase is puffery because it is not capable of being proved false. But under Plaintiffs' theory, if the product contains even traces of any man-made chemicals, then the product is not entirely natural. If that is what consumers understand the phrase to mean, then "100% Natural" can be proven false with evidence of those chemicals. *See Bohac v. Gen. Mills, Inc.*, 2014 WL 1266848, at *4 (N.D. Cal. Mar. 26, 2014) (concluding, based on the allegations, that a reasonable consumer would interpret "All Natural" representations as "specific factual claims upon which he or she could rely"). At this stage, the Court declines to hold that "100% Natural" is non-actionable puffery.

### 1.4 Conclusion

The Court concludes that Plaintiffs have stated claims under Rules 12(b)(6) and 9(b).

### 2. STANDING

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

Defendant argues that Plaintiffs lack standing to pursue their claims or, at the least, their standing is limited. The Court addresses each of these arguments.

### 2.1 Article III Injury Requirement

Defendant argues that Plaintiffs lack standing for failing to allege injury in fact. To satisfy Article III's standing requirement, one of the things a plaintiff must show is that the plaintiff has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id*. at 561 (internal quotation marks and alteration omitted). This standard from *Lujan*, rather than the general standards for assessing a failure to state a claim under *Twombly* and *Iqbal*, apply to determining standing at the pleading stage. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("*Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context . . . .").

Here, Plaintiffs have alleged economic injury, which is sufficient for constitutional standing. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (holding that allegations that plaintiffs paid more for their homes than the homes were worth because defendants failed to make disclosures required by law were sufficient for standing). Plaintiffs have alleged that they were "willing to pay for the Products because of the representations that they were '100% Natural' and would not have purchased the Products, would not have paid for the Products, or would have purchased alternative products in the absence of the representations, or with the knowledge that the Products contained Contaminants." (Compl. ¶¶ 7–8.) These allegations are enough to support standing under a theory of economic injury. *See Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158, at *3 (N.D. Cal. Dec. 10, 2013) (concluding that allegations that plaintiffs paid a premium for a product because of misrepresentations was sufficient for economic injury).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |


In arguing that injury is lacking, Defendant relies on *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025 (8th Cir. 2014). But that case is distinguishable. In *Wallace*, plaintiffs alleged that they paid a premium for hot dogs labeled as kosher, but that Defendant sold some packages of hot dogs that were not kosher. *Id.* at 1030. The Court held that it was speculative whether the plaintiffs purchased any non-kosher hot dogs, as the plaintiffs did not allege that "all or even most" of the packages were not kosher. *Id.* Here, however, Plaintiffs broadly allege that the teas contain pesticides, rather than merely alleging that some of the packages contain pesticides. (*See* Compl. ¶ 1.)

In assessing standing on a motion to dismiss, the Court must "presume that [these] general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561. Plaintiffs' allegations are sufficient for standing.

### 2.2 Other Teas

Plaintiffs seek to represent a class of consumers who purchased ten different types of Defendant's teas, which all allegedly contain the same "100% Natural" label and all allegedly contain pesticides. (Compl. ¶¶ 1–3.) Defendant argues that Plaintiffs only have standing to bring claims for the same teas that Plaintiffs purchased—Sleepytime Herbal Tea and Green Tea—and that Plaintiffs lack standing to challenge the other eight varieties of tea. Plaintiffs respond that the issue is one of class certification, not one of standing.

Courts have gone both ways on this issue. For example, in *Mlejnecky v. Olympus Imaging America Inc.*, the court held that a named plaintiff did not have standing to sue for defects in the Stylus 850 camera, even though the Stylus 850 had the same underlying defect as the Stylus 1030 camera that plaintiff did own. 2011 WL 1497096, at *4 (E.D. Cal. 2011). In *Donohue v. Apple, Inc.*, the court disagreed with the analysis in *Mlejnecky*, concluding instead that whether plaintiffs could represent purchasers of different iPhone models with the same defect was a class certification question. 871 F. Supp. 2d 913, 922 (N.D. Cal. 2012); *see also Constance Sims v. Kia Motors America, Inc.*, SACV 13-1791 AG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

(DFMx), Dkt. No. 48, at 7–8 (C.D. Cal. filed Mar. 31, 2014).

In the circumstances of this case, the issue strikes the Court as one better dealt with at the class certification stage. It may be that differences between the tea varieties and their labels are material and substantial enough that Plaintiffs cannot represent consumers of all of them. But these are questions of adequacy, typicality, or predominance of common issues, issues better resolved at the class certification stage. *See Donohue*, 871 F. Supp. at 922.

The Court declines to limit Plaintiffs' class allegations at this time.

### 2.3    Representations on Defendant's Website

The Complaint alleges that, in addition to the labels on the teas, Defendant's website also features representations that the teas are natural. (Compl. ¶ 22.) Defendant argues that Plaintiffs "lack standing to pursue claims related to statements on Hain Celestial's website because they do not claim to have relied upon . . . these statements." (Motion at 13.) The Court agrees that Plaintiffs haven't alleged that they relied on the representations on the website. But that doesn't result in the dismissal of any claims. Plaintiffs adequately allege reliance on the representations on the product label and have standing to pursue their claims based on those representations.

### 3.    PRIMARY JURISDICTION DOCTRINE

Defendant argues that, in the alternative, the Court should dismiss the case under the "primary jurisdiction doctrine" to permit the FDA to consider Plaintiffs' claims. Plaintiffs oppose referring their claims to the FDA under this doctrine.

"The primary jurisdiction doctrine 'is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

should be performed by the relevant agency rather than the courts.'" *Davel Commc'ns, Inc., v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006) (quoting *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002)). "The doctrine is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are 'within the special competence of an administrative body." *Id.* (internal quotations omitted). If a district court determines that the doctrine applies, it "refers" the issue to the relevant agency, which "means that the court either stays proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008).

Under the circumstances of these case, the Court declines to dismiss the case under the primary jurisdiction doctrine. On January 6, 2014, the FDA declined several referrals from other district courts considering similar issues. (*See* FDA Letter, Dkt. No. 31 Ex. 1.) In those cases, the district courts were considering whether labels like "Natural" and "100% Natural" were misleading when the products contained corn grown from genetically modified seeds. (*Id.* at 1.) The agency noted that it had competing priorities, and that "even if [it] were to embark on a public process to define 'natural' in the context of food labeling, there is no assurance that [it] would revoke, amend, or add to the current policy, or develop any definition at all." (*Id.* at 2.) Given the FDA's lack of interest in providing further guidance on the use of the word "natural" in food labeling, staying or dismissing the case to permit the FDA to so would likely be futile. *Janney v. Mills*, 944 F. Supp. 2d 806, 815 (N.D. Cal. 2013) (declining to apply the primary jurisdiction doctrine because the FDA has "repeatedly declin[ed] to promulgate regulations governing the use of 'natural' as it applies to food products," so staying or dismissing the case to permit FDA action would "likely prove futile").

The Court DENIES the request to dismiss the case under the primary jurisdiction doctrine.

**DISPOSITION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | June 10, 2014 |
|---|---|---|---|
| Title | TATIANA VON SLOMSKI et al. v. THE HAIN CELESTIAL GROUP, INC. | | |

The Court DENIES the Motion to Dismiss. The Court reaches this results after reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive, not adequately developed, or not necessary to reach given the Court's holdings.

|   |   | : | 0 |
|---|---|---|---|
|   | Initials of Preparer | lmb |   |