UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1757 AG (ANx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

Present: The Honorable  ANDREW J. GUILFORD

| Nancy Boehme | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

**Proceedings:**     [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION

Plaintiffs Tatiana Von Slomski and Sylvia Trevino (collectively, "Plaintiffs") filed an Ex Parte Application to modify the Scheduling Order and continue the deadline for Plaintiffs to file their Motion for Class Certification ("Application"). (Dkt. No. 151.) The deadline to file their motion is currently set for April 29, 2015, and Plaintiffs seek a 90 day extension.

For numerous reasons, the Court DENIES the Application. And even if the Court granted the Application, Plaintiffs have failed to convince the Court that good causes exists to modify the Scheduling Order.

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The thrust of Plaintiffs' Application is that Defendant The Hain Celestial Group, Inc. ("Defendant") has not produced certain discovery necessary for Plaintiffs' Motion for Class Certification. (Dkt. No. 151, at 1-4.) Plaintiffs have not shown that ex parte relief should be granted. Among other things, they do not even address in their Application the standard for granting ex parte relief. Ex parte relief is not appropriate here.

But even if ex parte relief were granted, the Court would not modify the Scheduling Order. Under Rule 16, the Court may modify the Scheduling Order only for good cause. Fed. R. Civ. P. 16(b). "While a court may take into

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1993) (alterations in original)).

Plaintiffs have not convinced the Court that good cause exists to continue the deadline to file their Motion for Class Certification at all, let alone 90 days. This action was filed on November 6, 2013. (Dkt. No. 1.) On November 22, 2013, the Complaint was served on Defendant. (Dkt. No. 9.) Under Local Rule 23-3, "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . , the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." L.R. 23-3. The Court has already modified the Scheduling Order three times concerning the deadline to file the Motion for Class Certification. On January 5, 2015, after receiving a joint stipulation, the Court continued the deadline to file the Motion for Class Certification by ten days. (Dkt. No. 47.) On February 9, 2015, after receiving another joint stipulation, the Court continued the deadline to file the Motion for Class Certification by 30 days. (Dkt. No. 72.) On March 10, 2015, after receiving a third joint stipulation, the Court continued the deadline to file the Motion for Class Certification by 30 days. (Dkt. No. 105.)

Under the Local Rules, 90 days is sufficient time to bring a motion for class certification, and Plaintiffs have had more than five times that duration to bring their motion. Each of the three joint stipulations previously mentioned discuss discovery issues. The issues in those joint stipulations are similar to the ones allegedly justifying modification of the Scheduling Order for a fourth time. The Court is not convinced that good cause exists to amend the Scheduling Order again concerning the same motion.

For numerous reasons, including those described, if ex parte relief were appropriate here, the Court would still not extend the deadline to file the Motion for Class Certification.

**DISPOSITION**

For numerous reasons, the Court DENIES the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757 AG (ANx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

: 0

Initials of Preparer

nkb