UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

| Proceedings: | [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLASS CERTIFICATION |
|---|---|

In these consolidated putative class actions, Plaintiffs Tatiana Von Slomski and Sylvia Trevino (collectively, "Plaintiffs") sued Defendant The Hain Celestial Group, Inc. ("Defendant"), alleging that Defendant falsely markets ten teas as "100% Natural." (Consolidated Class Action Complaint, Dkt. No. 26.) Plaintiffs bring claims under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, and a claim for breach of express warranty. (*Id.*)

Plaintiffs have filed a Motion for Class Certification ("Certification Motion"). (Dkt. No. 189.) Defendant filed a "Motion to Strike New Evidence Submitted with Plaintiffs' Reply Brief in Support of their Motion for Class Certification" ("Motion to Strike"). (Dkt. No. 234.) The Court GRANTS in part and DENIES in part the Certification Motion as set forth in this Order. Generally, the Court certifies the proposed class under Rule 23(b)(2) for injunctive relief only.  The Court also appoints Plaintiffs as class representatives and Plaintiffs' counsel as class counsel. The basis of Defendant's Motion to Strike essentially concerns excluding expert testimony and denying certification of the proposed class under Rule 23(b)(3). Because there is sufficient evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

for the Court to deny certification under Rule 23(b)(3) without resolving the Motion to Strike, the Court finds that it need not decide that motion.

## PRELIMINARY MATTERS

Plaintiffs' Motion has a surprisingly high number of incorrect citations to the evidence. For example, on page one of the Motion Plaintiffs state that "In one candid moment, Hain's VP of Sales and Marketing conceded that 'There's trace pesticides in all agricultural products.'" Plaintiffs cite pages 104:25-105:3 of Exhibit 1 to the Declaration of Keith Custis, (Dkt. Nos. 176, 191), attempting to support their assertion. Exhibit 1 at 104:25-105:3 actually states "Q. All right. Okay. A. None of this research went into market. Q. What's your annual budget for market research? A. It varies year to year. I don't have a specific [number.]" (Dkt. No. 191.) Plaintiffs completely fail to direct the Court to the correct evidence. Another lackluster showing by Plaintiffs is on page three of the Motion where they state that "Hain applies a 'unified marketing strategy' to all of its brands." For this assertion they cite page 35 of Exhibit 11 of the Custis declaration. Exhibit 11 has only two pages, not 35. (Dkt. No. 176.) Days before the hearing, when the Court sent out a tentative ruling on the Certification Motion, it told Plaintiffs that these inaccurate and unreliable citations to evidence raise concerns for the Court. It also said that "[j]udges are not like pigs, hunting for truffles buried in briefs," *Christian Legal. Soc. Chapter of University of California v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010), and that the failure to accurately direct the Court to evidence reduces Plaintiffs' effectiveness seeking class certification.

At 3:11 p.m. on Sunday, September 20, 2015, the day before the hearing, Plaintiffs filed a "Notice of Corrected Citations to Their Memorandum in Support of Motion for Class Certification, and Compendium of Excerpts of Evidence Previously Submitted." (Dkt. No. 254.) It also filed a "Notice of Errata Re Exhibits 1 and 7 to the Declaration of Keith Custis in Support of Plaintiffs' Motion for Class Certification." (Dkt. No. 255.) Due to the timing of these filings, the Court did not have a chance before the hearing to get its arms around the information in the supplemental filings. In a flurry at the hearing that lasted over 45 minutes, Plaintiffs' counsel tried to run the Court through these filings and through Plaintiffs' position on the tentative ruling. Despite 18 months passing between the filing of this lawsuit and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

filing of the Certification Motion, Plaintiffs effectively left the Court to drink from a fire hose, perhaps filled with tea, during the hearing. In some ways the Court still felt like a pig in search of truffles.

**BACKGROUND**

The essence of this lawsuit concerns the words "100% Natural" on tea packaging containing teas that allegedly have pesticide residue. Plaintiffs state that this "case challenges [Defendant's] use of the uniform '100% Natural' label that appears on the front of each of its Celestial Seasonings tea products (the Products)." (Motion, Dkt. No. 189, at 1.) Although Plaintiffs begin their Motion by saying that "each of [Defendant's] . . . products" says 100% Natural, the Motion's second footnote clarifies that only "ten teas [are] at issue [and that they] are Sleepytime Herbal Tea, Sleepytime Kids Goodnight Grape Herbal Tea, Peach Blossom Green Tea, Raspberry Gardens Green Tea, Authentic Green Tea, Antioxidant Max Green Tea Dragon Fruit Melon, Honey Lemon Ginseng Green Tea, Antioxidant Max Green Tea Blackberry Pomegranate, Antioxidant Max Green Tea Blood Orange Star Fruit and English Breakfast Black KCup." (*Id.*, at 1 n.2.) According to the Consolidated Complaint, the class includes "[a]ll consumers who, from November 6, 2009 until the date notice is disseminated to the class . . . , purchased" the ten teas just listed.

Plaintiffs contend that "Hain's '100% Natural' label is false for two separate and independent reasons: (a) the Products are made from ingredients that have been sprayed with synthetic pesticides, and (b) the Products contain pesticide residue." (*Id.*) They maintain that "[o]n either ground, Defendant's use of the '100% Natural' label is unlawful, false, and misleading under California law." (*Id.*) According to Plaintiffs, "every member of the class was subjected to the same unlawful and deceptive conduct, resulting in the same injury. Every member of the class purchased and paid a premium for a Product that included Hain's '100% Natural' claim on the front of the label." (*Id.*) They argue that

> Restitution and damages . . . are calculable on a classwide basis. To prevent Hain
> from profiting from its unlawful conduct, the UCL and other California
> consumer protection statutes entitle purchasers of the Products to a refund of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

> "100% Natural" price premium they paid for the Products. Plaintiffs can present
> classwide evidence demonstrating that *all* class members paid more for the falsely
> labeled Products, even if some class members purchased the Products for reasons
> unrelated to the 100% Natural claim.

(*Id.*, at 2 (emphasis in original).)

Defendant argues, among other things, that the class is unascertainable "because there is no administratively feasible method to determine who belongs in the proposed class." (Opp'n, Dkt. No. 207, at 1.) It continues that "[c]onsumers typically do not retain receipts for inexpensive items like teas, and their recollection is unreliable. This problem is compounded by the fact that this lawsuit challenges only 10 varieties of Celestial Seasonings teas (out of dozens)." (*Id.*, at 1-2.) It also maintains that Plaintiffs have not met the commonality or predominance requirements under Rules 23(a) and 23(b) essentially because "no uniform definition of 'natural' exists among consumers." (*Id.*, at 2.)

According to Defendant, the thrust of Plaintiffs' position is "that *any* trace amount of pesticide residue on the dry tea leaves–even amounts so small that it cannot be measured with scientific accuracy and do not exist in the consumed product–renders the teas non-natural." (*Id.*, at 1 (emphasis in original).) Defendant continues that "[u]nder this incredible theory, even fresh apples plucked from trees . . . cannot be '100% natural' because they potentially have trace residue of pesticides on them." (*Id.*) Plaintiffs' response to Defendant's characterization is that the characterization "does not withstand scrutiny." (Reply, Dkt. No. 226, at 1.) Plaintiffs contend that they "repeatedly testified that they understood the terms 'organic' and '100% Natural' to be *synonymous*." (*Id.* (emphasis in original).) They assert that "[e]ven Hain would agree that consumers can reasonably interpret an 'organic' label to mean that a product was grown without pesticides and contains no pesticide reside." (*Id.*) Plaintiffs cite only their own deposition testimony to attempt to support the assertions that these terms are synonyms. (*Id.*, at 1 n.2.) They generally argue that when viewing their theory "through the lens of a reasonable consumer who considers the terms 'organic' and '100% Natural' to be functionally equivalent, it is unsurprising that reasonable consumers can, and do conclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

that products that have been sprayed with pesticides are not '100% Natural.' That is true regardless of whether the products contain pesticide residue." (*Id.*)

Additional argument and evidence will be discussed in the Analysis Section as necessary.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 23(a), a case can proceed as a class action only if four requirements are met:

> (1)     the class is so numerous that joinder of all members is impracticable;
> (2)     there are questions of law or fact common to the class;
> (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Besides the four Rule 23(a) requirements, a class must also satisfy one of the three subsections of Rule 23(b). In this case, Plaintiffs seek to certify the proposed class under Rule 23(b)(2) and under Rule 23(b)(3).

Under Rule 23(b)(2), "[a] class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Subsection 23(b)(3) requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

the controversy." Fed. R. Civ. P. 23(b)(3). Factors pertinent to findings of predominance and superiority include:

(A)     the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)     the likely difficulties in managing a class action.

*Id.*

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Id.* The party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met. *See Marlo v. U.P.S.*, 639 F.3d 942, 947 (9th Cir. 2011). A district court should certify a class only if the court "is satisfied, after a rigorous analysis," that the Rule 23 prerequisites have been met. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). If the court is not satisfied, then certification should be refused. *Falcon*, 457 U.S. at 161.

"Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart*, 131 S. Ct. at 2551. But "Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification [is] proper." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart*, 131 S. Ct. at 2552 n.6).

**ANALYSIS**

As noted, Plaintiffs seek certification under Rule 23(b)(2) and 23(b)(3). The Court first addresses Rule 23(b)(2), then 23(b)(3). The Court GRANTS the Certification Motion under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|----------|----------------------|------|--------------------|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

23(b)(2) for injunctive relief only, but DENIES it under 23(b)(3) for the reasons set forth in this order, which are not exhaustive.

## 1. Rule 23(a) Requirements

As noted, the Rule 23(a) requirements are numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a)(1)-(4).

### 1.1 Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[I]mpracticability does not mean impossibility," but simply that joinder of all class members must be difficult or inconvenient. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964).

Defendant admits that thousands of consumers purchased the Celestial Seasonings tea products at issue here. (Answer, Dkt. No. 38, ¶ 32.) The numerosity requirement is met.

### 1.2 Commonality

Under Rule 23(a)(2), there must be "questions of law or fact common to the class." The commonality requirement "has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* "The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). *Id.* at 1020. A plaintiff's claim "must depend upon a common contention . . . ." *Wal-Mart*, 131 S. Ct. at 2551. "That common contention, moreover, must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

Plaintiffs argue that "every member of [the proposed] class was exposed to the same allegedly unlawful and deceptive '100% Natural' claim. Thus, for each claim, the question is whether [Defendant's] claim that its Products are 100% natural is true or false." (Motion, Dkt. No. 189, at 12.)

Defendant essentially lumps commonality and predominance together. It argues that "Plaintiffs have not met the commonality or predominance requirements under Rule 23(a) or 23(b)." (Opp'n, Dkt. No. 207, at 2.) It further asserts that "[a]s numerous courts have found, no uniform definition of 'natural' exists among consumers, especially in the context of the novel theory being pursued by Plaintiffs." (*Id.*) Defendant argues that "Plaintiffs have not offered any evidence that the '100% Natural Teas' logo is material to most (or even a substantial number of) proposed class members." (*Id.*) Concerning this materiality argument, it is best discussed in the predominance analysis in Section 3.3.

Generally, arguments raised by Defendant concern predominance. The Court is convinced that the commonality requirement has been met.

### 1.3 Typicality

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(3)). "Representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Id.*  In the Ninth Circuit, typicality is satisfied if "the unnamed class members have injuries similar to those of the named plaintiffs and the injuries result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Plaintiffs argue that "every class member suffered damage because each paid more for falsely advertised Products, even if the '100% Natural' claim was unimportant to him or her," and thus everyone has suffered similar injuries to Plaintiffs. (Motion, Dkt. No. 189, at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

Defendant argues that Plaintiff Von Slomski "is not typical because she continued to buy Celestial Seasonings teas until Spring 2015, even though she filed this lawsuit in 2013." (Opp'n, Dkt. No. 207, at 24.) It argues that Plaintiff Trevino "is atypical because she is highly knowledgeable about organic foods, but at the same time, she claims she was woefully ignorant about them." (*Id.*) It also asserts that Plaintiff Trevino " holds an extreme view that fruits and vegetables are not natural if they may contain pesticide residue." (*Id.*)

In Reply, Plaintiffs point to evidence that Plaintiff Von Slomski's recent tea purchases likely were of teas not at issue in this lawsuit. As for Plaintiff Trevino's thoughts concerning food, the Ninth Circuit has said that typicality "focuses on 'the defendants' conduct and plaintiff's legal theory.'" *Sisley v. Spring Comm'n Co., LP*, 284 F. App'x 463, 468 (9th Cir. 2008).

The typicality requirement has been met.

### 1.4 Adequacy

"The final hurdle interposed by Rule 23(a) is that the representative parties will fairly and adequately protect the interests of the class." *Hanlon*, 150 F.3d at 1020 (*quoting* Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

### 1.4.1 Adequacy of Named Plaintiffs

Plaintiffs submitted declarations under penalty of perjury concerning whether they can serve adequately. (Trevino Decl., Dkt. No. 170; Von Slomski Decl., Dkt. No. 171.)

Defendant generally argues that Plaintiff Von Slomski is not adequate because she is close friends with proposed class counsel and her decisions may not be based on the best interests of the class. Relationships where a plaintiff has been determined to be an inadequate representative include, for example, situations where the plaintiff had a personal and landlord-tenant relationship with class counsel. *See Drimmer v. WD-40 Co.*, 343 F. App'x 219,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

221 (9th Cir. 2009). This Court has previously stated that it "does not believe that, without more, some preexisting relationship between a named plaintiff and counsel makes the plaintiff an inadequate class representative." *Stern v. DoCircle, Inc.*, 2014 WL 486262, at *7 (C.D. Cal. Jan. 29, 2014).

Defendant argues that Plaintiff Trevino is inadequate "because she pleaded no contest to reckless driving after drinking alcohol and 'swerving' on the road." (Opp'n, Dk.t. No. 207, at 24.) According to Plaintiffs, this event was a misdemeanor and happened fifteen years ago.

Plaintiffs are adequate and the Court appoints them to represent the class.

### 1.4.2 Adequacy of Counsel

Proposed class counsel are adequate. Proposed class counsel submitted declarations and evidence. Defendant has not argued that propose class counsel is inadequate.

The Court appoints proposed class counsel to represent the class.

### 1.5 Conclusion

The requirements of Rule 23(a) have been met. The Court must now look to Rule 23(b)(2) and 23(b)(3) to determine whether it can certify the proposed class.

## 2. Certification under 23(b)(2)

As noted, under Rule 23(b)(2), a "class action may be maintained if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2). The Supreme Court has said that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 131 S. Ct. at 2557. "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|----------|------------------------|------|--------------------|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

injunctive." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). "A class seeking monetary damages may be certified pursuant to Rule 23(b)(2) where such relief is 'merely incidental to [the] primary claim for injunctive relief." *Id.* (brackets in original).

According to Plaintiffs, they "do not seek to certify claims for monetary relief under Rule 23(b)(2)." (Reply, Dkt. No. 226, at 24.) They say that "[t]o the contrary, Plaintiffs seek certification of a Rule 23(b)(2) class for injunctive relief only, and a separate Rule 23(b)(3) class for monetary damages and restitution." (*Id.*) The Ninth Circuit interpreted one if its earlier decisions as "indicating that the court could certify a Rule 23(b)(2) class for injunctive relief and a separate Rule 23(b)(3) class for damages." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (citing and interpreting in a parenthetical *Ellis*, 657 F.3d at 987). The Court now considers certifying the proposed class under Rule 23(b)(2) for injunctive relief only.

"Plaintiffs seek to enjoin Defendant from marketing the Products as 100% Natural, and to require corrective advertising to educate the public about the true nature of the Products." (Motion, Dkt. No. 189, at 15.) They contend that an "injunction requiring Hain to engage in corrective advertising here–to inform consumers that its 100% Natural teas are not 100% natural–is warranted." (*Id.*, at 16.) Plaintiffs seek a single injunction. Plaintiffs have presented evidence that some individuals would consider "100% Natural" false or deceptive when pesticide residue is present. The Court is convinced at this stage that it should certify the prosed class under Rule 23(b)(2).

Defendant makes three main arguments why the proposed class should not be certified under Rule 23(b)(2). It argues that "injunctive relief is improper absent 'evidence in the record' showing 'any probability of future violations.'" (Opp'n, Dkt. No. 207, at 24.) Defendant has presented some evidence that the "100% Natural" text will not be on future teas. The Supreme Court has said that "[i]t is settled that an action for an injunction does not become moot merely because the conduct complained of has terminated, if there is a possibility of recurrence, since otherwise the defendants 'would be free to return to (their) old ways.'" *Allee v. Medrano*, 416 U.S. 802, 810-11 (1974). Defendant has failed to show that it won't be able to return to its old ways.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

Second, Defendant argues that Plaintiffs lack standing "because they have failed to show any intention to buy Celestial Seasonings in the future." (Opp'n, Dkt. No. 207, at 25.) Plaintiffs have provided declarations with their Reply addressing this issue. (Supplemental Von Slomski Decl., Dkt. No. 217; Supplemental Trevino Decl., Dkt. No. 218.) The declarations convince the Court that Plaintiffs have sufficient intent to buy in the future the Celestial Seasonings teas that are at issue here.

Finally, Defendant argues that the monetary relief requested is not incidental to the injunctive relief. (*Id.*) As noted, Plaintiffs are seeking only injunctive relief under Rule 23(b)(2).

Accordingly, the Court certifies the propose class as to injunctive relief only.

### 3. Certification under 23(b)(3)

Applying a rigorous analysis, as the Court must, Plaintiffs have not met their burden to show that the proposed class is ascertainable or that common questions predominate over any questions affecting only individual members, among other things. Accordingly the Court cannot certify the proposed class under Rule 23(b)(3).

### 3.1 *Jones v. ConAgra Foods, Inc.*

The Court begins its analysis by discussing *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726 (N.D. Cal. June 13, 2014), because the Court finds *Jones* persuasive.

*Jones* concerned a putative consumer class action seeking recovery for allegedly deceptive and misleading labels on three types of food products. *Id.*, at *1. The Court will only review the *Jones* analysis regarding one food product, Hunt's tomato products. Like Plaintiffs here, the plaintiffs in *Jones* sued for violation of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. *Id.* The proposed class in *Jones* was similar to the proposed class here and defined as "'All persons in the state of California who, from April 2, 2008, until the date of notice, purchased a Hunt's canned tomato product bearing the label

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|----------|------------------------|------|--------------------|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

statement 100% Natural or Free of artificial ingredients & preservatives but which contained the following ingredients: citric acid and/or calcium chloride.'" *Id.* In that lawsuit there were seven Hunt's products at issue and there were "numerous varieties and sizes (as well as multi-packs)" of each product line. *Id.*

Ascertainability of the proposed class was extensively contested in *Jones*, just like in this lawsuit. The *Jones* court said that a "class is not ascertainable unless membership can be established by means of objective, verifiable criteria." *Id.*, at *8 (citing *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1088-90 (N.D. Cal. 2011)). According to *Xavier*, "[w]ithout an objective, reliable way to ascertain class membership, the class quickly would become unmanageable, and the preclusive effect of final judgment would be easy to evade." 708 F. Supp. 2d at 1089.

The *Jones* court explained that in the Ninth Circuit, "[s]ome courts have concluded that the ascertainability requirement cannot be met in the case of low-cost consumer purchases that customers would have no reliable way of remembering." 2014 WL 2702726, at *9 (citing *In re POM Wonderful LLC*, 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014); *Red v. Kraft Foods, Inc.*, 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012); *Hodes v. Van's Int'l Foods*, 2009 WL 2424214 (C.D. Cal. July 23, 2009)). It then said that "[s]ome courts have found such classes ascertainable, largely out of concern that to find otherwise would render a vast number of consumer class actions dead on arrival." *Id.* (citing *Ries v. Ariz Beverages USA, LLC*, 287 F.R.D. 523 (N.D. Cal. 2012); *Astiana v. Kashi Co.*, 291 F.R.D. 439 (S.D. Cal. 2013); *Thurston v. Bear Naked, Inc.*, 2013 WL 5664985 (S.D. Cal. July 30, 2013); *McCrary v. The Elations Co., LLC* 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014)). The Ninth Circuit will likely need to weigh in on this split. The ascertainability issue is a difficult question in the lawsuit pending before this Court, and it appears many courts struggle to resolve it.

The plaintiffs in *Jones* argued that class members could identify Hunt's products that they purchased through "'photographic verification'" and could self-identify "'through notice and by the requirement of sworn testimony that each class member purchased a Hunt's canned tomato product with the subject label claims.'" *Id.* Similar arguments are raised by Plaintiffs here. The *Jones* court reasoned that "[e]ven assuming that all proposed class members would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|----------|------------------------|------|--------------------|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

be honest, it is hard to imagine that they would be able to remember which particular Hunt's products they purchased from 2008 to the present and whether those products bore the challenged label statements." *Id.*, at * 10. The plaintiffs there "argued . . . that there is evidence that the named plaintiffs remember their specific purchases, and no evidence that any class members would have difficulty remembering theirs." *Id.* The *Jones* court said that "[c]ommon sense tells us that while named plaintiffs might make a point of remembering in great detail their history with the products about which they have filed suit, . . . regular class members might not." *Id.* Those same issues and concerns are present here. The *Jones* court said that "[t]he court in *Red* explained that 'cases where self-identification alone has been deemed sufficient to render a class ascertainable generally involve situations where consumers are likely to have retained receipts . . . where the relevant purchase was a memorable bigticket item . . . or where the defendant would have access to a master list of either consumers or retailers who dealt with the items at issue.'" *Id.* (ellipses in original). Teas have not been shown to fit into these categories. The *Jones* court concluded that "variation in the Hunt's products and labels makes self-identification . . . unfeasible." *Id..*

Turning to predominance as discussed in *Jones*, the defendant there argued that the class was overbroad. The *Jones* court stated that "[h]ere, there is a lack of cohesion among the class members . . . because 'even if the challenged statements were *facially* uniform, consumers' *understanding* of those representations would not be.'" *Id.*, at *14. The *Jones* court explained that "there is no single, controlling definition of the word 'natural'" and that it "is undisputed that the FDA has not defined the word." *Id.*, at * 15. It continued that "[w]hile the Court has no trouble believing that the '100% Natural' claim is material to some customers, . . . testimony does not demonstrate that it is necessarily 'material to reasonable consumers.'" *Id.*, at * 16. That court said "although only two challenged label statements are at issue, there are numerous reasons a customer might buy Hunt's tomatoes, and there is a lack of evidence demonstrating the impact of the challenged label statements." *Id.* The *Jones* court explained that "[e]ven assuming that Plaintiffs had met their burden as to reliance, . . . there are other individual questions that threaten to predominate." *Id.* Some of those questions included how many products were purchased. *Id.* The *Jones* court ultimately denied certification. *Id.*, at *24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

There are many similarities between this the pending lawsuit and the *Jones* case, including the varying definition of "100% Natural" and the fact that teas are inexpensive products where receipts are not likely to be kept. It is a close call finding that the proposed class here is unascertainable and that individual questions predominate, but the Court is persuaded by *Jones*.

### 3.2 Ascertainability

Plaintiffs concede that they must show that the proposed class is ascertainable. (Motion, Dkt. No. 189, at 13.) They argue that the proposed class "is precise, objective, and ascertainable." (*Id.*) They state that there is a "single criterion," "whether they purchased the Products during the class period." (*Id.*, at 13-14.)

Defendant generally argues that Plaintiffs have not offered an administratively feasible method to determine class membership, that class members will not likely have receipts, and that class identification "depends entirely on the memories of the putative class members." (Opp'n, Dkt. No. 207, at 7.) Defendant cites its webpage and stated that there are over seventy varieties of Celestial Seasonings teas, and only ten are at issue in this litigation." (*Id.*)

Plaintiffs' response to Defendant is unconvincing. They argue that "[t]he proposed class . . . does not present the sorts of memory problems that have lead some courts to deny certification on ascertainability grounds." (Reply, Dkt. No. 226, at 6.) They say that "[u]nlike other low-cost food or beverages that are quickly consumed, with the packages immediately disposed, Hain's Celestial Seasoning teas each contain twenty to forty individual tea bags and are not consumed all in one sitting." (*Id.*, at 6-7.) They say that "class members are likely to possess the Product, they would not necessarily need to rely on their memory to identify themselves as class members." (*Id.*, at 7.) The class reaches back to November 2009, and the Court is not convinced that the proposed class would likely possess the product, "repeatedly purchase the same variety of teas," and not need to rely on memory to identify themselves.

Plaintiffs argue that class members could rely on memory alone if required to because "Hain has labeled its Celestial Seasonings teas as '100% Natural' throughout the class period . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

(*Id.*) Plaintiffs' point does not appear to recognize the possible 60 tea varieties not at issue in this lawsuit. They argue that "Hain's teas are *not* packaged in similar containers, and the distinct packaging of the teas–images of which can be included in the class notice–will enable consumers readily to identify the Products they purchased." (*Id.* (emphasis in original).) They argue that "Hain points to the similarity between the *names* 'Authentic Green Tea' (which is at issue) and 'Antioxidant Green Tea' (which is not) . . . , but neglects to advise the Court that the *packaging* for these products differs considerably." (*Id.*)

Plaintiffs provided the Court with what they declare are images of the Authentic Green Tea and the Antioxidant Green Tea.



Tea at issue in this lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |



Tea not at issue in this lawsuit.

The Court is not convinced that the class is ascertainable for many reasons. For example, Plaintiffs' exhibits of one tea variety at issue, the Authentic Green Tea, and one variety not at issue, the Antioxidant Green Tea, only strengthens the conclusion that there is no administratively feasible way to determine class members. These two boxes are nearly identical. They both say "Natural Antioxidant Green Tea" in the upper left corner despite one of them being antioxidant and one being authentic. Plaintiffs essentially argue that the existence of a dragon instead of an elephant signals to potential class members which tea they purchased. The Court does not agree. The animals appear fungible. They are not tied to the essence of the tea, like a monkey to a banana or a rabbit to a carrot, for example.

Plaintiffs suggest that images of the packaging could be included in the class notice. If the class notice included only images of the ten teas at issue, there would be ascertainability issues. The similarities between the images included in this Section show that someone who purchased the Authentic Green Tea might assert they are a class member because they essentially saw the same box, but with a dragon instead of an elephant. If images of all seventy or more varieties of teas were included in the notice, that would not appear to help. *Both* boxes say "100% Natural" so there is a very real possibility that individuals who did not buy teas at issue here will believe they are in the class because the label says "100 Natural."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

For many reason, the class is unascertainable.

### 3.3 Predominance

"The predominance inquiry of Rule 23(b)(3) asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009) (quoting *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001)). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted). In this case, individualized issues clearly predominate.

Defendant argues that there is no common definition for the term "natural." (Opp'n, Dkt. No. 207, at 9.) Defendant also argues that Plaintiffs haven't shown the alleged misrepresentation was a material factor to consumers when deciding to engage in the transaction. (*Id.*, at 11.) There is evidence before the Court that "100% Natural" is one of many factors at play when choosing to drink tea, and that it consistently ranks below several other factors.

Plaintiffs assert that "[a] 'plaintiff need not demonstrate [the representation] was the sole or even the predominant or decisive factor influencing his conduct, but [only that it] played a substantial part, and so had been a substantial factor in influencing his decision.'" (Motion, Dkt. No. 189, at 19 (internal quotations omitted and brackets in original).) Plaintiffs, when discussing their theory that all class members overpaid for tea, state that all "class members paid more for the falsely labeled Products, *even if some class members purchased the Products for reasons unrelated to the 100% Natural claim*." (*Id.*, at 2 (emphasis added).) By Plaintiffs own words, the proposed class would include some percentage of people who did not have the term "100% Natural" act as a substantial factor influencing their decisions. Determining which class members fall into this category would have individual questions predominating.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1757-AG (ANx) | Date | September 23, 2015 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION | | |

For many reasons, including reasons similar to those explained in *Jones* and those discussed earlier in this Section, individual questions predominate over common questions.

### 3.4 Conclusion

For reasons including that the class is unascertainable and individual question predominate over common ones, the Court will not certify the proposed class under Rule 23(b)(3).

## DISPOSITION

Plaintiffs have filed a Motion for Class Certification ("Certification Motion"). (Dkt. No. 189.) Defendant filed a "Motion to Strike New Evidence Submitted with Plaintiffs' Reply Brief in Support of their Motion for Class Certification" ("Motion to Strike"). (Dkt. No. 234.) The Court GRANTS in part and DENIES in part the Certification Motion as set forth in this Order. Generally, the Court certifies the proposed class under Rule 23(b)(2) for injunctive relief only.  The Court also appoints Plaintiffs' counsel as class counsel. The basis of Defendant's Motion to Strike essentially concerns excluding expert testimony and denying certification of the proposed class under Rule 23(b)(3). Because there is sufficient evidence for the Court to deny certification under Rule 23(b)(3) without resolving the Motion to Strike, the Court finds that it need not decide that motion.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

|  |  | : | 0 |
|---|---|---|---|
| Initials of Preparer | | lmb | |