AHDOOT & WOLFSON, P.C
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Keith Custis, Of Counsel (SBN 218818)
kcustis@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111
Fax: 310-474-8585

ZIMMERMAN REED, LLP
Christopher P. Ridout (SBN 143931)
Christopher.ridout@zimmreed.com
Caleb Marker (SBN 269721)
Caleb.marker@zimmreed.com
2381 Rosecrans Ave., Suite 328
Manhattan Beach, CA 90245
Tel: 877-500-8780
Fax: 877-500-8781

Co-Lead Class Counsel for Plaintiffs and Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: HAIN CELESTIAL SEASONINGS PRODUCTS CONSUMER LITIGATION, <br><br> This Document Relates To: All Actions. | CASE NO. 8:13-cv-01757-AG-AN <br><br> Consolidated with:  CV 13-8559 AG (ANx) <br> CV 13-9310 AG (ANx) <br> CV 13-9314 AG (ANx) <br><br> **PLAINTIFFS' STATUS REPORT AND NOTICE OF SUPPLEMENTAL AUTHORITY IN ADVANCE OF NOVEMBER 7, 2016 STATUS CONFERENCE** <br><br> Status Conference Date: Nov. 7, 2016 <br> Time: 9:00 a.m. <br> Judge: Hon. Andrew J. Guilford <br> Courtroom:  10D |

## Plaintiffs' Statement

On May 10, 2016, this case was stayed for 90 days "pending a Food and Drug Administration ('FDA') determination of how the word "natural" should be used." (ECF No. 309 at 1.) On August 8, 2016, the Court indicated that, "based on recent FDA developments regarding "evaporated cane juice," the Court is hopeful that FDA guidance on 'natural' is forthcoming" and further stayed the case for 90 days. (ECF No. 313 at 1.)

There are no developments from the FDA for the Court to consider. In the nearly six months since the stay was entered, the FDA has taken no rulemaking or informal guidance action whatsoever and, in light of FDA's historically slow rulemaking and guidance-development processes, there is no reason to believe that developments will occur in the foreseeable future.

Plaintiffs wish to bring the following issues to the Court's attention in advance of the November 7, 2016 status conference.

First, the Ninth Circuit's decision in *Brazil v. Dole Packaged Foods, LLC*, ___ Fed App'x ___, No. 14-17480, 2016 WL 5539863, at *1 (9th Cir. Sept. 30, 2016) implicitly overruled *Kane v. Chobani, LLC*, 645 F. App'x 593, 594–95 (9th Cir. 2016), to the extent *Kane* requires a stay of actions involving "natural" labeling.

Second, FDA guidance is nonbinding and legally unenforceable and, thus, will not effect this Court's resolution of Plaintiffs' claims under California's consumer protection statutes. In addition, the FDA's process for issuing guidance documents involves a multiple-step process, often taking years, which the FDA has not even commenced with respect to the use of the word "natural" on food labels. For example, the FDA first published draft guidance regarding evaporated cane juice in *October 2009* but did not publish its final guidance until May 2016—more than six-and-a-half years later. Here, the FDA has not even issued draft guidance regarding use of the word "natural."

### A. The Ninth Circuit's Decision in *Brazil* Implicitly Overruled *Kane*'s Holding That Cases Involving "Natural" Claims Should Be Stayed

As the Court is aware, in the unpublished *Kane* decision, the Ninth Circuit remanded a case involving the allegedly deceptive use of the terms "evaporated cane juice" and "natural" in food labels with instructions "that the district court stay this action pending resolution of the FDA's 'natural' and 'evaporated cane juice' proceedings." In *Kane*, the Ninth Circuit also emphasized that:

> [T]he duration of the stay remains within the sound discretion of the district court. If future events render the FDA's *apparently imminent* resolution of the "evaporated cane juice" and "natural" issues illusory, such events should inform the district court's exercise of its discretion.

645 F. App'x 593, 595 n.1 (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)) (emphasis added).

Plaintiffs respectfully submit this notice of supplemental authority to bring to the Court's attention the Ninth Circuit's recent unpublished decision in *Brazil v. Dole Packaged Foods, LLC*, ___ Fed App'x ___, No. 14-17480, 2016 WL 5539863 (9th Cir. Sept. 30, 2016) (attached as Exhibit A).

Like this action, *Brazil* is a false advertising consumer class action based on a "natural" claim on a food product. In *Brazil*, plaintiff alleged that defendant deceptively described its fruit products as "All Natural Fruit." 2016 WL 5539863, at *1. In its decision, the Ninth Circuit affirmed in part and reversed in part the district court's orders on motions to dismiss, for summary judgment, and on class certification.

As relevant here, and in stark contrast to its instructions to the district court in *Kane*, the Ninth Circuit remanded this "all natural" case to the district court:

> to allow Brazil to pursue injunctive relief on behalf of the class and his remaining individual claim for restitution.

2016 WL 5539863, at *3. That is precisely what Plaintiffs seek here.

**B. FDA Guidance Documents Are Nonbinding And Legally Unenforceable And, Thus, Will Not Impact This Court's Interpretation Of California's Consumer Protection Statutes**

At the August 1, 2016 status conference, Defendant argued that, while the FDA's formal rulemaking process may take many years, the FDA could issue informal "industry guidance" in less time. Defendant noted that, in May 2016, the FDA had published its "Ingredients Declared as Evaporated Cane Juice: Guidance for Industry" and suggested that the FDA may similarly publish industry guidance regarding the use of the word "natural" on packaged food products. A copy of the FDA's May 2016 *Ingredients Declared as Evaporated Cane Juice: Guidance for Industry* is attached as Exhibit B.

Even if the FDA's guidance on the use of the word "natural" were forthcoming (and Plaintiffs dispute that it is), FDA guidance documents do not have the force of law and, thus, cannot trump California's consumer protection statutes. FDA guidance documents—such as the May 2016 Ingredients Declared as Evaporated Cane Juice: Guidance for Industry—expressly provide that they are not "legally enforceable":

> FDA's guidance documents, including this guidance, do not establish legally enforceable responsibilities. Instead, guidances describe our current thinking on a topic and should be viewed only as recommendations, unless specific regulatory or statutory requirements are cited. The use of the word *should* in FDA guidances means that something is suggested or recommended, but not required.

Ex. B at 3.[1] As a matter of federal law, such guidance documents cannot impose binding legal requirements because they are published without notice or Due Process and have not been subjected to official rulemaking procedures. *See, e.g., Christensen v. Harris Cty.*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1662, 146 L. Ed.

---

[1] *See also* FDA, Food Guidance and Regulation, at http://www.fda.gov/Food/GuidanceRegulation/ (last accessed Nov. 1, 2016). A copy of this page is attached hereto as Ex. C.

3        Case No. 13-cv-01757-AG-AN

2d 621 (2000) (holding that agency interpretations arrived at without "formal adjudication or notice-and-comment rulemaking . . . lack the force of law [and] do not warrant *Chevron*-style deference."). FDA regulations make this clear:

> (d) *Are you or FDA required to follow a guidance document?*
>
> (1) No. Guidance documents do not establish legally enforceable rights or responsibilities. They do not legally bind the public or FDA.

21 C.F.R. § 10.115(d) (emphasis in original); *see also id*. at § 10.115(b)(3) (providing that the term "you" refers "to all affected parties outside of FDA.").

Moreover, the FDA expressly states—on the face of its guidance documents—that:

> This guidance represents the current thinking of the Food and Drug Administration (FDA or we) on this topic. It does not establish any rights for any person and is not binding on FDA or the public. You can use an alternative approach if it satisfies the requirements of the applicable statutes and regulations.

*See* Ex. B at p.3; *see also* Ex. C. In addition, the FDA includes the disclaimer "Contains Nonbinding Recommendations" at the top of each page of its guidance documents. *See, e.g.*, Ex. B. Because FDA guidance documents do *not* establish legally enforceable rights and are nonbinding, an FDA guidance document regarding use of the word "natural," even if forthcoming, would have no impact on the resolution of Plaintiffs' claims under California's consumer protection statutes.

**C.   Even If FDA Guidance Documents Were Legally Enforceable (And They Are Not), FDA Follows A Multiple-Step Process For Issuing Industry Guidance That Can Take Several Years; The Guidance For Evaporated Cane Juice Took More Than Six Years To Issue**

The FDA's Good Guidance Procedures regulation, 21 C.F.R. § 10.115 ("GGP"), sets forth the FDA's policies and procedures for developing, issuing and using guidance documents. The procedures for developing and implementing a guidance document depend on whether that guidance document is a Level 1

guidance or a Level 2 guidance. *See* 21 C.F.R. § 10.115(g)(answering the question: "What are FDA's procedures for developing and issuing guidance documents?"). Level 1 documents include guidance documents that: (i) Set forth initial interpretations of statutory or regulatory requirements; (ii) Set forth changes in interpretation or policy that are of more than a minor nature; (iii) Include complex scientific issues; or (iv) Cover highly controversial issues. 21 C.F.R. § 10.115(c)(1). Level 2 documents include guidance documents that "are guidance documents that set forth existing practices or minor changes in interpretation or policy." 21 C.F.R. § 10.115(c)(2).

Plaintiffs respectfully submit that any FDA guidance regarding use of the word "natural" would be a Level 1 document. The GGP provides interested persons, including the public, with opportunities to provide input into the Level 1 guidance development process. *See generally* 21 C.F.R. § 10.115(g). The process includes the publication of a draft guidance, a public comments period and, in some cases, publication of a further draft guidance document. *Id*.

The process can take several years. By way of example, the FDA published its draft guidance concerning evaporated cane juice in the Federal Register on October 7, 2009. 74 FR 51610; *see also* Ex. B at 4. More than four years later, on March 5, 2014, the FDA reopened the comments period (79 FR 12507) for the draft guidance seeking further comments, data, and information about the ingredient. *See* Ex. B at 4. In May 2016—more than six-and-a-half years after publishing its initial draft guidance—the FDA published its final guidance document regarding evaporated cane juice. *See* Ex. B.

Because FDA guidance is nonbinding and because the FDA has not provided any indication that it has even commenced the guidance development process with respect to the use of the word "natural," Plaintiffs respectfully submit that maintaining the stay of this action to await such guidance would be futile.

## Conclusion

Plaintiffs respectfully request that the stay be lifted and the litigation finally allowed to proceed on the merits.

Dated: November 2, 2016     Respectfully submitted,

**AHDOOT & WOLFSON, PC**

By:    /s/ Keith Custis
          Keith Custis

Tina Wolfson (SBN 174806)
Robert Ahdoot (SBN 172098)
Keith Custis (SBN 218818)
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

**ZIMMERMAN REED, LLP**
Christopher P. Ridout (SBN 143931)
Caleb Marker (SBN 269721)
2381 Rosecrans Ave., Suite 328
Manhattan Beach, CA 90245
Tel: (877) 500-8780; Fax: (877) 500-8781

Co-Lead Class Counsel for Plaintiffs and Class