UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED**
**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:   [IN CHAMBERS] ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Tatiana Von Slomski and Sylvia Trevino, the named plaintiffs in this consumer class action, sued the Hain Celestial Group, Inc. ("Hain"), a company that makes and sells herbal teas. According to the consolidated complaint, Hain deceptively describes ten of its teas as "100% Natural" when, it's alleged, the products actually contain various artificial contaminants. (Consolidated Compl., Dkt. No. 26 at 2.) Based on those allegations, the plaintiffs claim breach of express warranty and violation of California's unfair competition, false advertising, and consumer protection laws. *See* Cal. Bus. & Prof. Code §§ 17200–10, 17500–09; Cal. Civ. Code §§ 1750–84.

After extensive motion practice and discovery, Hain moved for partial summary judgment. *See* Fed. R. Civ. P. 56(a). The defendant argues that plaintiffs lack standing to seek injunctive relief because "their claims are moot" and "they did not rely on the term '100% Natural Teas.'" (Mot. for Summary J., Dkt. No. 278 at 1–2.) Von Slomski and Trevino disagree, arguing that summary judgment is improper because "a party may not moot a claim for injunctive relief simply by voluntarily ceasing the alleged misconduct" and, further, "the material facts are hotly disputed." (Opp'n, Dkt. No. 289 at 1.)

For the reasons that follow, the Court GRANTS the defendant's motion for partial summary judgment. (Dkt. No. 278.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

## 1. BRIEF BACKGROUND

This case presents the question, "Is Celestial Seasonings tea 100% Natural"? The term "natural," as it turns out, is "used on a variety of products to mean a variety of things." *See* Use of the Term "Natural" in Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905, 69,906 (Nov. 12, 2015). A host of variables readily come to mind—from the source of the food, to its genetic makeup, to its basic ingredients, to its color, to its flavor, to the inclusion of additives, to the methods of its production, processing, and preservation, and so on. The federal courts have largely stayed out of such dietary debates. *See, e.g.*, *Kane v. Chobani, LLC*, 645 F. App'x 593, 594 (9th Cir. 2016); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 761 (9th Cir. 2015). Instead, the U.S. Food and Drug Administration ("FDA") has taken the lead. In an effort to provide regulatory guidance, the agency has solicited over 7,000 public comments from advocacy groups, consumers, companies, nutritional experts, health experts, and legal experts alike. *See* A. O'Connor, *Is Your Food 'Natural'? F.D.A. to Weigh In*, N.Y. Times (May 17, 2016), https://nyti.ms/2k4lTzB.

But while the FDA continues to grapple with that thorny issue, this case must go on.

A brief procedural review is helpful. This case began in November 2013, when both Von Slomski and Trevino filed putative class-action complaints against Hain. *Compare Von Slomski v. The Hain Celestial Grp., Inc.*, SACV 13-01757 AG (ANx), *with Trevino v. The Hain Celestial Grp., Inc.*, CV 13-08559 AG (ANx). Because the two complaints were nearly identical and involved "common questions of law or fact," *see* Fed. R. Civ. P. 42(a), the Court consolidated the cases. (Order, Dkt. No. 21 at 2.)

Von Slomski and Trevino's legal challenge targeted ten varieties of Celestial Seasonings teas: (1) Sleepytime Herbal Tea, (2) Sleepytime Kids Goodnight Grape, (3) Green Tea Peach Blossom, (4) Green Tea Raspberry Gardens, (5) Authentic Green Tea, (6) Antioxidant Max Dragon Fruit, (7) Green Tea Honey Lemon Ginseng, (8) Antioxidant Max Blackberry Pomegranate, (9) Antioxidant Max Blood Orange, and (10) English Breakfast Black K-Cup. (Compl., Dkt. No. 26 at 2.) According to the plaintiffs, Hain labels these teas as "100% Natural," despite the use of artificial substances (like pesticides) in their manufacture and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

presence of contaminant-residue in the final products. (*Id.* at 2, 5–12.) Hain allegedly engaged in this deception to exploit the natural foods market—the plaintiffs claim that they perceived "natural foods as better, healthier, and more wholesome," so they were willing to pay a premium for the "100% Natural" guarantee. (*Id.* at 2–4.)

Some subsequent procedural milestones are also relevant here.

First, the Court denied Hain's motion to dismiss the consolidated complaint, concluding that Von Slomski and Trevino established "standing under a theory of economic injury" and sufficiently "stated claims under [Federal Rules of Civil Procedure] 12(b)(6) and 9(b)." (Order, Dkt. No. 34 at 4–9.) Second, after allowing adequate time for discovery, the Court granted in part and denied in part the plaintiffs' motion for class certification. Specifically, the Court certified an "injunctive-relief class" under Rule 23(b)(2), but declined to certify a "damages class" under Rule 23(b)(3). (Order, Dkt. 261, at 10–19.) Third, upon Hain's request, the Court declined to rule on the pending motion for partial summary judgment and, instead, temporarily stayed the case under the "primary jurisdiction doctrine." (*See* Dkt. Nos. 309, 313.) At the time, the Court thought relevant administrative guidance was imminent. *See Kane*, 645 F. App'x at 594 (describing the FDA's efforts to solicit public comments, and potentially issue guidance "regarding the use of the term 'natural' in connection with food product labeling"). But guidance didn't come, and the Court has been unable to find any relevant further action by the FDA. So the stay was lifted, and the parties filed supplemental summary judgment briefs.

At this point in the proceeding, the remaining forms of relief are (1) damages and restitution for the plaintiffs' individual claims, and (2) injunctive relief and corrective advertising for the class claims. The parties seem to agree, as confirmed at oral argument, that Hain's motion for summary judgment only attacks the class-wide injunctive relief claims. (*Compare* Opp'n, Dkt. No. 289 at 2, *with* Suppl. Mot. for Summary J., Dkt. No. 323 at 1.)

## 2. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

matter of law." A motion for summary judgment is designed to "prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials when no genuine issues of fact have been raised." 10A C. Wright & A. Miller, Federal Practice and Procedure § 2712, p. 236–38 (4th ed. 2016). The essential inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). At this stage, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Although the moving party "bears the initial responsibility" of "demonstrat[ing] the absence of a genuine issue of material fact," the plain language of Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**3. MOOTNESS**

The judicial power of the United States is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. That constitutional provision "ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes" that have "direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). Further, "an actual controversy must be extant at all stages" of federal litigation, both at the trial and appellate levels. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). So, if an intervening event (say, the death of a criminal defendant, the settlement of an individual claim, or the repeal of a law) deprives the parties of a "personal stake in the outcome of the lawsuit," then the case is no longer "live" and must be dismissed as "moot." *Symczyk*, 133 S. Ct. at 1528 (internal quotation marks omitted); *see also* H. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973) (explaining that mootness has sometimes been called "the doctrine of standing set in a time frame" because the "requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

Hain thinks some of the plaintiffs' claims are moot, and for good reason.

When this Court certified the "injunctive-relief class" under Rule 23(b)(2), it wasn't quite satisfied with Hain's arguments regarding mootness. (Order, Dkt. No. 261 at 11.) The Court previously noted that, absent further evidentiary assurances, Hain might still be "free to return to [its] old ways." *See United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). But things have changed. Since this case was filed, Hain has substantially altered its advertising practices. As relevant here, Hain has removed the "100% Natural" label from its packaging for marketing reasons, has filed a sworn declaration from a high-ranking executive promising that the company won't reintroduce such labels and advertisements, and has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Suppl. Mot. for Summary J., Dkt. No. 323 at 1.) It follows, Hain argues, that there's no longer a "sufficient likelihood of recurrence" regarding the use of the offending labels and, as such, the plaintiffs' injunctive relief claims are now moot. *See Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985).

Von Slomski and Trevino appear to recognize, at least implicitly, that their claims for injunctive relief may be moot by some measure. Their real fear, it seems, is that without a binding permanent injunction Hain will swiftly reintroduce the "100% Natural" label on its products and in its advertisements. (Suppl. Opp'n, Dkt. No. 328 at 3–4.) They accordingly invoke the "voluntary cessation" exception to the mootness doctrine. As the Supreme Court has long recognized, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see id.* at 213–14 (Scalia, J., dissenting) (clarifying that the "voluntary cessation" doctrine is an "evidentiary presumption," applicable to a particular category of cases where courts have "sensibly concluded that there is reason to be skeptical that cessation of violation means cessation of live controversy").

The Court concludes that Hain has satisfied its "heavy burden of persuasion" to show that "that the likelihood of further violations is sufficiently remote to make injunctive relief unnecessary." *See United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

First, there's no reasonable expectation that Hain will revert to its old ways. *See W. T. Grant Co.*, 345 U.S. at 633. Beginning in 2015, Hain removed the "100% Natural" label from all Celestial Seasonings products, and has since shipped over 100 million new packages of tea to nationwide distributors and retailers. (Second Suppl. Ziegert Decl., Dkt. No. 341 at 1–2.) Hain says it made this decision for independent business reasons. More specifically, the company decided to redesign its packaging ████████████████████████████████████████ ████████████████████████████████████████ ██████████ Suppl. Ziegert Decl., Dkt. No. 302 at 1.) Whatever the evidentiary value these marketing surveys might have at trial, they are surely relevant to deciding the mootness inquiry involved here. *See Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996) (recognizing that voluntary cessation arguments may be rebutted by showing the allegedly unlawful conduct was "motivated by economic [or] business considerations"). Further, consistent with Hain's decision to independently remove the offending labels, the General Manager of the Celestial Seasonings brand has sworn, under penalty of perjury, that "Hain has no plans whatsoever for reintroducing the phrase '100% Natural Teas' on its Celestial Seasonings tea packaging." (Ziegert Decl., Dkt. No. 279 at 2.) And on top of all that, ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ (Lee Decl., Dkt. No. 280 at 1.)

Second, the effect of Hain's allegedly unlawful conduct has been eliminated as required. *See Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). Hain has followed through on its pledge to eliminate the "100% Natural" label from its old products. Indeed, the most recent evidence in the record confirms that Hain has done everything in its own power to remove the "100% Natural" label from its packaging, to ship out new products with revised packaging to brick-and-mortar retailers, to scrub all the allegedly misleading labels from its own website and social media accounts, to submit new product images to various third-party online retailers (even though they weren't named defendants in this case), and to encourage these third-party retailers to use and promote the revised packaging. (Second Suppl. Ziegert Decl., Dkt. No. 341 at 1–2.) Von Slomski and Trevino's request for corrective advertising doesn't change the Court's analysis here. Simply put, the plaintiffs aren't entitled to corrective advertising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

because, as just described, there's no reasonable "threat that the wrongful conduct will continue" in the face of Hain's "commitment to change its labeling practices." *See Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 702 (2006). Under these circumstances, the Court is at a loss to come up with any other remedial steps that Hain could be legally required to take.

In sum, this isn't a case where the Court has blindly accepted the defendant's supposedly self-serving evidence or "bald assertions." (*See* Opp'n, Dkt. No. 289 at 5 n.3.) Rather, the Court has considered the evidence on both sides, and concludes that Hain's "voluntary cessation" wasn't improperly undertaken, wasn't solely driven by this particular litigation, and wasn't the result of gamesmanship. *See Pub. Utilities Comm'n*, 100 F.3d at 1460 (recognizing that, "in order for this [mootness] exception to apply, the defendant's voluntary cessation must have arisen *because of* the litigation"); *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 563 (2d Cir. 1991) (concluding that claims are "inarguably" moot, despite the voluntary cessation doctrine, where the defendant has "entered into a binding, judicially enforceable agreement"); *cf. Davis*, 440 U.S. at 631 (concluding that a civil rights case was moot where compliance with a court order produced a change in behavior and it was unlikely that the offending conduct would resume). If Hain ultimately fails to honor all of the representations made to this Court, *see Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 110 (2d Cir. 2016), the plaintiffs will surely be armed with powerful evidence of wrongdoing—evidence that might discredit Hain's entire defense when presented to the jury.

Because the injunctive claims must be dismissed as moot, the Court need not consider Hain's remaining arguments regarding the standing of the individual plaintiffs. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

**4. DISPOSITION**

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment. (Dkt. No. 278.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-01757 AG (ANx) | Date | June 20, 2017 |
|---|---|---|---|
| Title | IN RE HAIN CELESTIAL SEASONINGS PRODS. CONSUMER LITIG. | | |

: 0

Initials of Preparer     lmb